UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA REYNA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WACHOVIA BANK, as Successor In Interest to World Savings; TRI STAR FINANCIAL, INC.; PATRICIA VERA; MUSAED ENAYEK; DOES 1 through 50, Inclusive,<br><br>　　　　　Defendants. | No. C-07-01384 SC<br><br>ORDER GRANTING MOTION FOR DETERMINATION OF <u>GOOD FAITH SETTLEMENT</u> |

## I. **INTRODUCTION**

Plaintiff Rosa Reyna ("Plaintiff" or "Reyna") brought this suit against Defendants Wachovia Bank ("Wachovia"), Tri Star Financial, Inc., Patricia Vera, Musaed Enayek, and fifty "Does," alleging violations of the Truth In Lending Act, 15 U.S.C. § 1602, et seq. ("TILA"), and the Home Ownership Equity Protection Act, 15 U.S.C. § 1635, et seq. ("HOEPA"). See Compl., Docket No. 1, Ex. A. Plaintiff also brought claims for breach of fiduciary duty, negligence, and fraud against all of the defendants other than Wachovia.

Reyna and Wachovia (the "Settling Parties") have reached an agreement to settle the dispute between them, and jointly move the Court for a determination that the settlement is in good faith and

1   for an order barring indemnity and contribution claims.  <u>See</u> Mot.,
2   Docket No. 9; Yandell Decl., Ex. A ("the Settlement").  Defendants
3   Tri Star Financial, Patricia Vera, and Musaed Enayek (the "Non-
4   Settling Defendants") filed a statement of non-opposition to the
5   Motion.  <u>See</u> Docket No. 16.

6   For the reasons set forth herein, the Court finds that the
7   Settlement is in good faith and GRANTS the Settling Parties'
8   Motion.

## II.  **BACKGROUND**

In early 2006, Reyna secured a mortgage from Wachovia, using the Non-Settling Defendants as mortgage brokers.  Reyna alleges that all of the Defendants failed to disclose certain material financial terms of the mortgage, in violation of both TILA and HOEPA.  <u>See</u> Compl., ¶¶ 11-17.  Wachovia made its first formal settlement offer to Reyna on April 27, 2007.  Yandell Decl., ¶ 3. After the first offer, Reyna and Wachovia exchanged numerous offers and counteroffers, and finalized the Settlement on May 30, 2007.  <u>Id.</u>

As a result of the Settlement, Wachovia has agreed to lower the interest rate on Reyna's loan, to change the interest on the loan from variable rate to fixed rate, and to waive other fees for modifying or prepaying the loan.  <u>Id.</u>; Settlement, Ex. A. Wachovia also agreed to pay a portion of Reyna's attorney's fees. Yandell Decl., ¶ 3; Settlement, § III.B.

///
///

2

### III. DISCUSSION

Reyna asserts claims under both federal and state law, so the Court must make a determination regarding the good faith of the Settlement under California and federal law. However, federal courts look to state law in order to determine the effect of a partial settlement in a federal tort claim. See e.g., Owen v. United States, 713 F.2d 1461, 1463-64 (9th Cir. 1983) (applying California rules for determination of good faith settlement in suit brought under the Federal Tort Claims Act). Under California law, a court determining whether a settlement was reached in good faith must consider a number of factors, including "a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among plaintiffs, and a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial." Tech-Bilt, Inc. v. Woodward-Clyde & Assocs., 698 P.2d 159, 166 (Cal. 1985); see also Bay Dev. Ltd. v. Superior Court, 791 P.2d 290, 298-99 (Cal. 1990). "A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. Code Civ. Proc. § 877.6(c).

The Court concludes that the Settlement was reached in good faith. The Settling Parties assert, and the Non-Settling Defendants do not dispute, that the Settlement is fair because

"Wachovia had no real contact with Reyna during the transaction at issue and was not involved in the alleged misrepresentations to Reyna by the non-settling defendants." Mot., at 4. Further, the Settlement between Reyna and Wachovia will reduce the total possible liability for the Non-Settling Defendants on Reyna's TILA and HOEPA claims.[1]

**IV.  CONCLUSION**

For the foregoing reasons, the Court determines that the Settlement between Reyna and Wachovia was reached in good faith and is fair to the Non-Settling Defendants. The Court therefore GRANTS the Settling Parties' Motion. Under California Code of Civil Procedure § 877.6(c), any claims for indemnification or contribution by the Non-Settling Defendants are barred.

IT IS SO ORDERED.

Dated: September 5, 2007

_____
UNITED STATES DISTRICT JUDGE

---

[1] Although the Truth In Lending Act limits a plaintiff to one recovery, even where there are multiple obligors, 15 U.S.C. § 1640(d), other federal courts have approved proportional settlements in TILA cases. See e.g., Desselles v. Mossy Motors, Inc., 442 F. Supp. 897, 902-03 (E.D. La. 1978).

4