Glenn L. Moss (State Bar No. 44307)
Ann, Murphy (State Bar No. 66947)
MOSS and MURPHY
1297 B Street
Hayward, CA 94541

Tel (510) 583-1155
FAX 510 583 1299

Attorneys for Plaintiff
ROSA REYNA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ROSA REYNA, | NO C 07 01384 SC |
|---|---|
| Plaintiff | Formerly Alameda County Sup. Ct. Case No HG07307146 |
| vs | |
| WACHOVIA BANK, as Successor In Interest to World Savings; TRI STAR FINANCIAL, INC., PATRICIA VERA; MUSAED ENAYEK; DOES 1 through 50, Inclusive | **ORDER DISMISSING WACHOVIA BANK WHILE RESERVING JURISDICTION TO ENFORCE TERMS OF GOOD FAITH SETTLEMENT** |
| Defendants | |

Pursuant to the joint motion of Rosa Reyna, Plaintiff, and Wachovia Bank, defendant, the Court approved of their settlement. On September 5, 2007 the Court determined that the settlement was in good faith and is fair to the non-settling parties.

Pursuant to this settlement, Wachovia Bank is hereby dismissed as a party to this litigation. However,

the Court retains jurisdiction to enforce this settlement and to resolve any disputes which may arise regarding the proper interpretation or construction of the settlement agreement.

APPROVED AS TO FORM AND AS COMPLYING WITH THE TERMS OF THE STIPULATION BETWEEN ROSA REYNA AND WACHOVIA BANK

| MOSS & MURPHY | REED SMITH |
|---|---|
| By /s/ Glen L. Moss | By /s/ Keith Yandell |
| Glen L. Moss, attorney for Rosa Reyna | Keith Yandell, attorney for Wachovia Bank |

**ORDER**

The above stipulation is approved. The Clerk is ordered to dismiss Wachovia Bank. However, this Court retains jurisdiction to enforce the settlement and to resolve any disputes which may arise regarding the proper interpretation or construction of the settlement Agreement.

Dated: 12/5/07

_____
Samuel _____ District Judge

*IT IS SO ORDERED* /s/ Judge Samuel Conti

glm\x\reyna.fed

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

DOCSOAK-9891698.1-KYANDELL-882590-60040

# EXHIBIT A

# SETTLEMENT AGREEMENT

## I. The Parties

This Settlement Agreement (the "Agreement") is effective as of May ___, 2007 (the "Effective Date") as between World Savings Bank, FSB, on behalf of itself and its parent, subsidiary and affiliate corporations and entities and their directors, officers, employees, actual agents, authorized representatives, attorneys and insurers, including its successors and assigns, and including specifically Wachovia Corporation and its subsidiaries (collectively, "World Savings") on the one hand and, on the other, Rosa Reyna, an individual residing in the State of California, on behalf of herself and her dependents, heirs, successors and assigns ("Reyna"). World Savings and Reyna are referred to herein collectively as the "Parties."

## II. Origin of The Parties' Dispute

In 2006 Reyna contacted Patricia Vera ("Vera") and her mortgage brokerage firm, Tri Star Financial ("Tri Star") to represent her in obtaining a home loan. On or about January 25, 2006, Reyna, as sole borrower, executed a Loan Agreement in favor of World Savings ("the Note") for the purpose of receiving World Savings Loan Number 0041935099, in the principal amount of $370,000. (the "Loan"). Pursuant to a Deed of Trust, also dated as of January 25, 2006, under which World Savings was and is the beneficiary (the "Deed of Trust"), the Loan was secured by property that was and is owned by Reyna, located at 28411 E 12th St., Hayward, CA 94544-4835 (the "Property").

In 2007, Reyna filed a Complaint against World Savings and others in the Superior Court of the State of California for the County of Alameda entitled Rosa Reyna v. World Bank, et.al., Docket No. HG 07307146 (the "Action"). Her complaint alleged that the "Defendants," including World Savings, breached statutory duties under the Truth in Lending Act ("TILA") and Home Ownership Equity Protection Act ("HOEPA"). In addition, Reyna's Complaint alleged that Tri-Star, Vera and Musaed Enayek ("the Non-World Defendants") breached fiduciary duties to Reyna, were negligent in performance of their duties and intentionally misrepresented material facts to Reyna.

## III. Compromise and Release Provisions

Reyna and World Savings have now reached an agreement under which the Parties desire to compromise all claims, known or unknown, which have been, or could have been, raised, in the Action, up to and including the Effective Date, including specifically, but not limited to, those claims which were or could have been alleged as a result of the facts and matters placed at issue in the Action, whether such claims are known or unknown at present. This compromise and release applies only to Reyna and World Savings and should not be read to include any other defendants.

Accordingly, for good and valuable consideration, including the mutual covenants herein contained, the Parties agree as follows:



### A. World Savings' Agreement To Modify The Loan

World Savings hereby agrees to modify the Loan pursuant to the terms of the Loan Modification Agreement ("Modification") attached hereto as Exhibit A. The effective date of the Modification shall be May 15, 2007. The Modification is effective May 15, 2007 even if the Court has not approved the Agreement as a good faith settlement under California Code of Civil Procedure §877.6 or the Agreement did not reach the office of World Savings in San Antonio Texas. Further, World Savings agrees to waive the fee that ordinarily would be associated with the Modification ("Fee Waiver"). Other than the Fee Waiver and those terms of the Loan expressly altered by the terms of the Modification, this Agreement shall have no effect on any other provision of the Note or Deed of Trust, including, but not limited to, any fees, costs or charges related in any way to the Loan. The Note and Deed of Trust both remain in full force and effect, and the Loan shall continue to be performed and serviced in accordance with those instruments and applicable law.

### B. World Savings' Agreement To Pay Attorneys' Fees

As a complete compromise of Reyna's claim for attorneys' fees under the Complaint, World Savings agrees to pay to Moss & Murphy, as Reyna's counsel of record in this Action, by cashiers' or certified check(s), the sum of Three Thousand Five Hundred ($3,500.00) in good funds as full and final satisfaction of all claims for attorneys' fees relating in any way to any claims by Reyna against World Savings made or which could have been made in the Action, and World Savings' participation in the Note, the Deed of Trust, the Loan and/or any claim Reyna has or may have against World Savings. Reyna agrees this sum shall be the full amount claimed by Reyna at any time for attorneys' fees or costs she has incurred relating to such matters. In all other respects the Parties shall each bear their own costs and attorneys' fees relating to the Action and all matters referenced herein.

### C. World Savings' Agreement To Provide Reyna Information Regarding Broker Compensation

World Savings further agrees to cooperate with Reyna in her ongoing lawsuit against the Non-World Defendants by supplying her with factual information and records in the possession, custody or control of World Savings, including the documentation of the Loan, regarding any compensation or fees that World Savings paid to the Non-World Defendants in connection with the Loan. World Savings agrees to provide Reyna with documentation sufficient to show the amount it compensated the Non-World Defendants in connection with the Loan. Should the Non-World Defendants dispute such information, World Savings agrees to make available to Reyna for testimony at deposition or trial, or in the form of a declaration, a witness familiar with the Loan documents, at no cost to Reyna.

### D. General Release of World Savings by Reyna

With the sole exception of the executory provisions of this Agreement, Reyna hereby forever releases World Savings of and from any and all causes of action, claims and/or demands, whether known or unknown, which Reyna now has or has ever had from the beginning of time up to the effective date of this Agreement, and including specifically, but not necessarily limited to, all claims for relief and causes of action brought, attempted to be brought or which could have been brought in the Action and/or arising out of or related in any way to the Note, the Deed of Trust and/or the Loan.

### E. Reyna's Covenant Not to Sue World Savings

- 2 -



Reyna agrees that she will not bring, commence, maintain or prosecute, directly or indirectly, or assign any right to bring, maintain or prosecute, any action at law or proceeding in equity or any legal or administrative proceeding or other claim for damages or other relief against World Savings, based in whole or in part upon the matters which are the subject of Reyna's general releases as described in Paragraph III.D of this Agreement.

### F. Dismissal of Reyna's Causes of Action Against World Savings

In consideration of the agreements and other consideration provided herein, Reyna agrees that, within ten (10) business days after the execution of this Agreement by Reyna and World Savings and their counsel of record in the Action Reyna's counsel of record in the Action shall execute and submit to the court in the Action a Request for Dismissal With Prejudice of each and every cause of action alleged in the Action by Reyna against World Savings.

### G. Good Faith Settlement Determination

Reyna agrees to cooperate in and support, via declaration(s) from Reyna's counsel if requested by World Savings, in the motion or request by World Savings to the Court in the Action for a determination that the terms of this Agreement represent a settlement in "good faith" pursuant to, and for all purposes as governed by, Title 11 of the California Code of Civil Procedure, Sections 875 *et seq.*, and further agrees that finality and enforcement of this settlement is conditioned upon an Order being issued in this Action finding that the terms of this Agreement were reached in "good faith" as defined by California Code of Civil Procedure Section 877.6. World agrees to make this motion within 20 days of execution of the Agreement. However, the Modification shall be effective May 15, 2007. If the Court fails to approve this Agreement as being "in good faith" under CCP §877.6, the Parties will attempt to modify the Agreement to address the Court's concerns. If they are unable to secure the Court's approval, the Parties have the power to cancel the Agreement.

## IV. Representations and Warranties

Reyna represents and warrants that, at all times referred to herein, she alone owned the claims that she is releasing under this Agreement, that no other person or entity has or has had any interest in said claims and that they have the sole right to execute this Agreement regarding such claims. Reyna further represents and warrants that she has not and will not sell, assign, convey or otherwise transfer, prior to the Effective Date, any claim or demand which she has ever had, or now has, against World Savings, whether directly or through another person or entity.

Reyna further represents and warrants that she has not, and will not have prior to the Effective Date, sold, transferred, gifted, deeded, encumbered or otherwise transferred or diluted in any way her sole fee ownership interest in the Property such that World Savings' security interest in the Property for the Loan has been or will be extinguished, disrupted or diminished or diluted in any way.

## V. No Admission of Liability

This Agreement is intended as means of settling disputed claims, liability for which is expressly denied by World Savings. Neither this Agreement or any of its terms or considerations is to be deemed, construed or proffered as an admission of liability or responsibility by World Savings at any time for any purpose.



- 3 -

### VI. Representation By Independent Legal Counsel

The Parties confirm and agree that they have been represented in negotiations for, and preparation of, this Agreement by independent legal counsel of their own choosing, that their duly authorized representatives and legal counsel have each read this Agreement, that they each have had it fully explained to them by their legal counsel, that they are fully aware of its contents and its legal effect and that, under such circumstances, they have each voluntarily agreed to execute this Agreement and abide by its terms.

### VII. Waiver by Reyna of California Civil Code Section 1542 Regarding Unknown Claims

Reyna has been advised by her legal counsel of the existence and legal effect of Section 1542 of the Civil Code of California, and expressly waives the benefits of that statute. In doing so, the she recognizes and confirms his understanding that said statute provides that:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release which, if known by him, must have materially effected his settlement with the debtor."

Reyna realizes and acknowledge that she may have sustained, or might sustain in the future, losses because of some action by, or allegedly taken on behalf of, World Savings that is the subject of a release given to World Savings by this Agreement, and further acknowledges that such losses are presently unknown and unsuspected and/or may manifest in the form of future loss and/or expense. Nonetheless, Reyna acknowledges and agrees that this Agreement has been negotiated and agreed upon in light of this realization and, being fully aware of the situation, she intends to release and forever discharge World Savings as set forth above from any and all such unknown claims, including damages which are unknown and unanticipated.

### VIII. Severability

The terms of this Agreement are severable. Should any portion (word, clause, phrase, sentence or paragraph) be declared by a Court of competent jurisdiction to be void or unenforceable in any particular jurisdiction, such portion shall be considered independent and severable from the remainder and shall not effect the enforceability of the remainder of the Agreement. If any portion as written should be interpreted by a Court of competent jurisdiction to be so broad as to be unenforceable, then such portion shall be restricted only to the extent necessary to make such portion enforceable to the fullest extent permitted by law.

### IX. Construction of Terms

The Parties have cooperated and participated in the drafting and preparation of this Agreement, and in any dispute over construction or interpretation of this Agreement, no term shall be construed against any Party on the basis that such Party drafted any provisions of this Agreement.



- 4 -

### X. Integration Clause

This Agreement constitutes the entire and sole agreement between World Savings and Reyna as to the matters referred to herein, and any prior or contemporaneous agreement, promise, negotiation or understanding not expressly set forth in writing within this Agreement shall be of no force or effect. This Agreement shall not be altered, modified or otherwise changed except by a writing executed by both Reyna and a duly authorized representative of World Savings.

### XI. Notices

Any notices required to be sent hereunder shall be delivered via registered U.S. Mail or by overnight delivery service, as follows (unless changed by the either Party in writing):

| | | |
|---|---|---|
| If to World Savings: | to | Michael B. Goldberg, Esq.<br>Vice President/Assistant General Counsel<br>Wachovia Corporation (Legal Division)<br>c/o San Antonio Operations Center<br>4101 Wiseman Blvd.<br>Mail Code TX 1621<br>San Antonio, TX 78251 |
| | and to: | Jack R. Nelson, Esq.<br>Reed Smith LLP<br>Two Embarcadero Center, Suite 2000<br>San Francisco, CA 94111 |
| If to Reyna: | to | Glen L. Moss<br>Moss & Murphy<br>1297 B Street<br>Hayward, CA 94541 |
| | And to: | Rosa Reyna<br>28411 East 12th Street<br>Hayward, CA 94544 |

### XIII. Choice of Law, Forum and Venue

This Agreement, and the respective rights and obligations of the Parties hereunder, shall be construed under and by the laws of the State of California. The Parties agree further that the proper venue for any dispute matter which may be brought before a court of competent

- 5 -

jurisdiction that arises out of, relates to this Agreement, or the formation of this Agreement, shall be the United States Court for the Northern District of California.

- 6 -

05/31/2007 12:51 FAX 5105831299          MOSS&MURPHY                              ☒015

### XIV. Counterparts

This Agreement may be executed in counterparts, each of which shall be an original and all of which, taken together, shall constitute a single instrument.

DATED: May ___, 2007.                *Rosa Reyna* (signature)
                                     Rosa Reyna

DATED: ~~May ___, 2007.~~            WORLD SAVINGS BANK, FSB
       JUNE 13, 2007
                                     By _____
                                     [Print] MICHAEL B. GOLDBERG
                                     Its: VICE PRESIDENT

### APPROVED AS TO FORM AND CONTENT:

REED SMITH LLP                       MOSS & MURPHY

By _____             By _____
   Jack R. Nelson                       Glen L. Moss

Attorneys for World Savings Mortgage, FSB    Attorneys for Rosa Reyna

### CERTIFICATION OF PLAINTIFF'S COUNSEL:

I, Glen L. Moss, am a lawyer licensed to practice in the State of California. I am counsel of record for Rosa Reyna in the Action. I have personally met with and advised Ms. Reyna fully of the nature, effect and terms of this Agreement, including having all of such matters explained to Ms. Reyna. I am satisfied that Ms. Reyna fully understands the nature and effect of this Agreement, as well as all of the rights that she is compromising, extinguishing and/or gaining by executing this Agreement.

- 7 -

*RmR* (initials)

I understand and agree that World Savings, as well as any court of competent jurisdiction, is entitled to rely on my representation set forth herein in executing, and hereafter enforcing, this Agreement.

I declare under penalty of perjury under the laws of the State of California that the foregoing Certification of Plaintiff's Counsel is true and correct.

Dated: May 30, 2007.

_____
Glen L. Moss

- 8 -

RmR